THE PRESIDENT, DIRECTORS AND COMPANY OF THE TOWNSEND
BANK *vs.* JEROME B. WHITNEY.

In an action by a bank to recover back money paid under the mistaken belief that the
defendant was the person who had delivered to them for discount a certain note, which
had been accepted, when in fact he had delivered to them a note for a smaller amount,
the plaintiffs may introduce evidence that their president, who received both notes from
strangers, paid the amount of the larger note to the defendant, and afterwards, in the
absence of the defendant, offered the amount of the smaller note to the person from whom
he had received the larger note, and thereupon discovered the mistake.

In an action to recover back money paid by mistake, over and above the amount due and
intended to be paid, the defendant cannot be allowed to introduce in evidence his own
cash book, in corroboration of his testimony, to show the amount of money received by
him; or to ask a witness, who was not present when the money was received, as to his
personal knowledge of the amount received.

CONTRACT to recover money paid to the defendant by mistake.

At the trial in the superior court, before *Brigham*, J., there was evidence tending to show that Walter Fessenden, the plaintiffs' president, received for discount from the defendant at Groton Junction a note for $100, signed by Solomon P. Hoar, and indorsed by the defendant and another person; that at the same time Lewis Blood delivered to Fessenden for discount a note for $200; that both the defendant and Blood were strangers to Fessenden; that the defendant afterwards called at the bank, on the same day, and Fessenden addressed him as Blood, and paid to him $196.77, in two packages, which the defendant received and carried away; that the defendant's note was also discounted, and Fessenden took the money for it, amounting to $96.42, and on the next day carried it to the Groton Junction railroad station to find the defendant, and there met Blood; in the absence of the defendant, and offered the money to him, when he discovered that he had mistaken the defendant for Blood. This evidence was admitted under the defendant's objection.

The defendant testified, in his own behalf, that he only received the proceeds of the note for $100; and, to corroborate his testimony, offered in evidence his cash book, containing, as

he said, correct and daily entries of moneys received and paid out by him; but the evidence was excluded.

The defendant then called Hoar as a witness, who testified that he accompanied the defendant to a tavern near the bank, and there remained while the defendant went to get his money, and that the defendant upon his return produced and counted a package of money containing $98; and the witness was asked: " Do you or not know how much money the defendant received from the plaintiffs at the bank? Have you or not any means whatever of knowing how much the defendant then received? What, if anything, do you know of your own knowledge as to the amount of money, or any money, then received by him? Do you or not know the amount of money the defendant had when he went to the bank, and the amount he had when he returned?" These questions were all excluded.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. P. Converse*, for the defendant.

*W. P. Webster*, for the plaintiffs.

BIGELOW, C. J.  1. The testimony of the president of the bank was clearly competent. It tended to prove facts which were part of the *res gestæ* in connection with the discount of the two notes out of which the mistake in making an over-payment of the money to the defendant arose. The time and manner of the discovery of this mistake were relevant and material, as circumstantial proof bearing on the question of the defendant's liability in having received money belonging to the plaintiffs to which he was not entitled, and for which he had given no consideration.

2. The defendant's cash book was rightly rejected. It was nothing more than a private memorandum made by the party himself in his own favor. The entries of third persons are admissible only when they were made contemporaneously with the transaction to which they relate, in the ordinary course of business and in cases in which there was no apparent and special motive to pervert the fact. But a party is never permitted to introduce entries made by himself in support of his own case,

except where they are offered to prove charges in shop books; and then only with limitations as to the amount which can be thus proved, if the subject of the charge is the payment of money.

3. The questions put to the witness Hoar were properly ruled out. He had previously stated all the facts within his knowledge which were competent and relevant concerning the amount of money received by the defendant from the bank. He could have known nothing else in relation to the transaction, unless his information had been derived from statements made by the defendant or other hearsay sources. The questions propounded, although correct in form, were calculated to bring out incompetent evidence, and were, therefore, rightly rejected after the witness had stated all the facts of which he had sufficient knowledge to enable him to testify in the case.

*Exceptions overruled.*